# EXHIBIT A

Electronically Filed - St Louis County - September 25, 2026 - 11:34 AM

**IN THE CIRCUIT COURT OF ST. LOUIS COUNTY**
**STATE OF MISSOURI**

| | | |
|---|---|---|
| **ERICA GIBSON,**<br><br>**Plaintiff,**<br><br>**vs.**<br><br>**A.W. HOLDINGS, LLC - MISSOURI**<br>**d/b/a BENCHMARK HUMAN SERVICES,**<br><br>**Defendant.**<br><br>**Serve:**<br>**CT Corporation System**<br>**Registered Agent**<br>**5661 Telegraph Rd**<br>**Suite 4B**<br>**St. Louis, Missouri 63129** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | <br><br><br><br>**Case No.:**<br><br><br><br><br>**JURY TRIAL DEMANDED** |

**PETITION**

COMES NOW, Plaintiff Erica Gibson ("Gibson" or "Plaintiff"), by and through her attorneys of record, and brings this cause of action against Defendant A.W. Holdings, LLC - Missouri d/b/a Benchmark Human Services. ("Benchmark" or "Defendant").

**PARTIES, JURISDICTION AND VENUE**

1. Defendant is a foreign corporation doing business in the state of Missouri with its Missouri address located at 680 Craig Rd., #308, St. Louis, Missouri 63141

2. Plaintiff is a resident of St. Louis County, Missouri.

3. Plaintiff worked out of Defendant's group home, located at 830 Carrico Road, Florissant, Missouri 63034.

4. Plaintiff was employed by Defendant from in or about 2022 to on or about September 4, 2025.

Electronically Filed - St Louis County - September 25, 2026 - 11:34 AM

5. This Court has subject-matter jurisdiction over Plaintiff's claims pursuant to Article 5, Section 14 of the Missouri Constitution and RSMo. § 478.070.

6. The unlawful employment practices complained of herein were committed within St. Charles County, Missouri. Jurisdiction and venue in this Court are, therefore, proper pursuant to RSMo. § 231.111.

7. Defendant has more than six (6) employees and is therefore an employer within the meaning of the Missouri Human Rights Act, RSMo.§ 213.010(7).

8. Defendant has more than fifteen (15) employees and is therefore an employer within the meaning of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e(b), the Americans with Disabilities Act, and the Pregnant Workers Fairness Act.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

9. On or about February 27, 2026, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Missouri Commission on Human Rights ("MCHR") alleging unlawful discrimination.

10. Plaintiff's Charge of Discrimination provided the EEOC and the MCHR sufficient opportunity to investigate the full scope of the controversy between the parties and, accordingly, the sweep of this judicial petition may be and is as broad as the scope of the investigation that could reasonably be expected to have grown out of the Charge.

11. Plaintiff received a Notice of Dismissal and Right to Sue from the MCHR on or about September 8, 2026, and this action was initiated within 90 days thereof. A true and accurate copy of the Right to Sue letter issued to Plaintiff by the MCHR is attached hereto as Exhibit 1.

12. Plaintiff received a Notice of Dismissal and Right to Sue from the EEOC on or

Electronically Filed - St Louis County - September 25, 2026 - 11:34 AM

about July 28, 2026, and this action was initiated within 90 days thereof. A true and accurate copy of the Right to Sue letter issued to Plaintiff by the EEOC is attached hereto as Exhibit 2.

13. Plaintiff timely complied with all administrative prerequisites prior to filing this lawsuit.

**FACTUAL ALLEGATIONS**

14. Gibson was hired by Defendant as a Direct Support Professional ("DSP") on or about January 17, 2022.

15. Gibson worked for Defendant on a full time basis and earned $22 per hour at the time of her termination.

16. Gibson's job responsibilities primarily included taking care of Defendant's consumers by doing the following:

a. Cooking meals for consumers;

b. Bathing and dressing consumers;

c. Administering medication to consumers; and

d. Taking consumers on outings.

17. Gibson is Black, African American, and Female.

18. After every shift, DSPs are required to fill out a report explaining what they did during their shift and how the particular consumer behaved during said shift.

19. On or about October 11, 2024, Gibson began working with a particular consumer, [redacted] ("S.S.").

20. S.S. routinely referred to Gibson as a "nigger bitch."

21. S.S. routinely referred to other Black and African American DSPs as "nigger staff."

Electronically Filed - St Louis County - September 25, 2026 - 11:34 AM

22. On or about October 31, 2024, Gibson reported to Ashley Griffith, Gibson's immediate supervisor, that S.S. referred to her and other staff as "nigger[s]" and "bitches" and that Gibson felt uncomfortable by it.

23. Ms. Griffith responded by stating that she informed other management officials of S.S.'s behavior and that she and Gibson "will see" about what Defendant will do in response to S.S.'s racial and sex-based slurs.

24. On or about November 6, 2024, Gibson reported another instance of S.S. referring to Gibson and other staff as a "nigger."

25. Defendant told Gibson to simply write down S.S.'s racial and sex-based slurs in her post-shift notes.

26. From that point on, Gibson wrote down in her post-shift notes whenever S.S. made racial and/or sex-based slurs.

27. S.S. made it a point to try to get Gibson terminated.

28. On or about February 17, 2025, S.S. falsely reported that Gibson failed to administer medicine to her.

29. Gibson reported S.S.'s false report to Ms. Griffith.

30. In or about April 2025, Gibson requested that Defendant transfer her to another consumer.

31. Defendant did not transfer Gibson to a different consumer.

32. On or about May 23, 2025, S.S. told another consumer that she wanted to get Gibson and another DSP terminated.

33. Gibson reported this to Ms. Griffith.

34. Even though Defendant knew of Gibson's request to be transferred, and even

Electronically Filed - St Louis County - September 25, 2026 - 11:34 AM

though Gibson reported S.S.'s harassment of her to Defendant, Defendant did not transfer Gibson to a different consumer or end S.S.'s harassment of Gibson.

35. On or about August 2025, Defendant suspended Gibson without pay.

36. On or about September 4, 2025, Defendant terminated Gibson's employment.

37. Gibson performed her job satisfactorily prior to her termination.

38. S.S.'s racial- and sex-based slurs continued routinely for approximately one year up until Gibson's termination.

39. S.S. referred to Gibson as a "nigger" approximately a dozen times.

**COUNT I: HOSTILE WORK ENVIRONMENT BASED ON RACE IN VIOLATION OF THE MISSOURI HUMAN RIGHTS ACT**

40. Plaintiff hereby re-alleges and incorporates by reference the allegations contained in the above-stated paragraphs as if fully set forth herein.

41. Defendant has engaged in unlawful discriminatory acts that are prohibited under the Missouri Human Rights Act.

42. Plaintiff is a "person" as defined under the Missouri Human Rights Act.

43. Defendant is an "employer" as defined under the Missouri Human Rights Act.

44. Race is a protected class under the Missouri Human Rights Act.

45. Plaintiff is African American.

46. Plaintiff was subjected to severe and pervasive unwelcome harassment based on race by Defendant's client, including continuous use of racial slurs.

47. Defendant knew or should have known that S.S. had harassed other African American employees before harassing Plaintiff.

48. Defendant knew that S.S. constantly harassed Plaintiff because Plaintiff repeatedly reported the harassment to Defendant.

Electronically Filed - St Louis County - September 25, 2026 - 11:34 AM

49. Defendant was aware Plaintiff was subjected to harassment based on her race, yet still required Plaintiff to work with the consumer who harassed her, despite Plaintiff's stated desire to be reassigned and Defendant's ability to reassign her.

50. By failing to take prompt and effective remedial action, Defendant in effect condoned, ratified, and/or authorized its consumer's aforementioned actions against Plaintiff.

51. The constant harassment based on Plaintiff's race and Defendant's failure to address Plaintiff's complaints created an intimidating, hostile, and offensive work environment.

52. Plaintiff suffered adverse actions when she was forced to remain subject to constant harassment, Defendant failed to intervene, and Plaintiff was eventually terminated.

53. As a direct and proximate result of the foregoing, Plaintiff suffered discrimination that adversely affected the compensation, terms, conditions, and privileges of her employment at the hands of Defendant, in violation of § 213.055, RSMo.

54. Plaintiff's race was a motivating factor in the adverse employment actions described above.

55. As a direct result of Defendant's discriminatory practices, actions, omissions, and failures to act as described herein, Plaintiff has sustained and continues to sustain damages, including but not limited to economic loss in the form of lost wages and benefits of employment, future lost wages and earnings, emotional pain, suffering, humiliation, fear, anxiety, dread, inconvenience, mental anguish, embarrassment, loss of enjoyment of life and deprivation of her civil rights.

56. In addition, Plaintiff has incurred and will continue to incur attorneys' fees, costs and expenses of suit.

57. Defendant's conduct was outrageous because of its evil motive or reckless

Electronically Filed - St Louis County - September 25, 2026 - 11:34 AM

indifference to the rights of Plaintiff, thereby entitling her to an award of punitive damages in an amount that will punish Defendant and deter Defendant and others from like conduct.

WHEREFORE, Plaintiff Erica Gibson respectfully requests that this Court will, after trial by jury, enter judgment against Defendant and in her favor on Count I of this Petition and for a finding that she has been subjected to an unlawful discrimination prohibited by § 213.010, et seq., RSMo; award Plaintiff actual, compensatory, and/or punitive damages in such an amount in excess of $25,000.00 as is deemed fair and reasonable; for prejudgment interest, as allowed by law; for reasonable attorneys' fees and costs of suit; and for such other relief as this Court deems just and proper.

**COUNT II: HOSTILE WORK ENVIRONMENT BASED ON COLOR IN VIOLATION OF THE MISSOURI HUMAN RIGHTS ACT**

58. Plaintiff hereby re-alleges and incorporates by reference the allegations contained in the above-stated paragraphs as if fully set forth herein.

59. Defendant has engaged in unlawful discriminatory acts that are prohibited under the Missouri Human Rights Act.

60. Plaintiff is a "person" as defined under the Missouri Human Rights Act.

61. Defendant is an "employer" as defined under the Missouri Human Rights Act.

62. Race is a protected class under the Missouri Human Rights Act.

63. Plaintiff is Black.

64. Plaintiff was subjected to severe and pervasive unwelcome harassment based on color by Defendant's client, including continuous use of slurs based on Plaintiff's color.

65. Defendant knew or should have known that S.S. had harassed other Black employees before harassing Plaintiff.

66. Defendant knew that S.S. constantly harassed Plaintiff because Plaintiff

Electronically Filed - St Louis County - September 25, 2026 - 11:34 AM

repeatedly reported the harassment to Defendant.

67. Defendant was aware Plaintiff was subjected to harassment based on her color, yet still required Plaintiff to work with the consumer who harassed her, despite Plaintiff's stated desire to be reassigned and Defendant's ability to reassign her.

68. By failing to take prompt and effective remedial action, Defendant in effect condoned, ratified, and/or authorized its consumer's aforementioned actions against Plaintiff.

69. The constant harassment based on Plaintiff's color and Defendant's failure to address Plaintiff's complaints created an intimidating, hostile, and offensive work environment.

70. Plaintiff suffered adverse actions when she was forced to remain subject to constant harassment, Defendant failed to intervene, and Plaintiff was eventually terminated.

71. As a direct and proximate result of the foregoing, Plaintiff suffered discrimination that adversely affected the compensation, terms, conditions, and privileges of her employment at the hands of Defendant, in violation of § 213.055, RSMo.

72. Plaintiff's color was a motivating factor in the adverse employment actions described above.

73. As a direct result of Defendant's discriminatory practices, actions, omissions, and failures to act as described herein, Plaintiff has sustained and continues to sustain damages, including but not limited to economic loss in the form of lost wages and benefits of employment, future lost wages and earnings, emotional pain, suffering, humiliation, fear, anxiety, dread, inconvenience, mental anguish, embarrassment, loss of enjoyment of life and deprivation of her civil rights.

74. In addition, Plaintiff has incurred and will continue to incur attorneys' fees, costs and expenses of suit.

Electronically Filed - St Louis County - September 25, 2026 - 11:34 AM

75. Defendant's conduct was outrageous because of its evil motive or reckless indifference to the rights of Plaintiff, thereby entitling her to an award of punitive damages in an amount that will punish Defendant and deter Defendant and others from like conduct.

WHEREFORE, Plaintiff Erica Gibson respectfully requests that this Court will, after trial by jury, enter judgment against Defendant and in her favor on Count II of this Petition and for a finding that she has been subjected to an unlawful discrimination prohibited by § 213.010, et seq., RSMo; award Plaintiff actual, compensatory, and/or punitive damages in such an amount in excess of $25,000.00 as is deemed fair and reasonable; for prejudgment interest, as allowed by law; for reasonable attorneys' fees and costs of suit; and for such other relief as this Court deems just and proper.

## COUNT III: HOSTILE WORK ENVIRONMENT BASED ON SEX IN VIOLATION OF THE MISSOURI HUMAN RIGHTS ACT

76. Plaintiff hereby re-alleges and incorporates by reference the allegations contained in the above-stated paragraphs as if fully set forth herein.

77. Defendant has engaged in unlawful discriminatory acts that are prohibited under the Missouri Human Rights Act.

78. Plaintiff is a "person" as defined under the Missouri Human Rights Act.

79. Defendant is an "employer" as defined under the Missouri Human Rights Act.

80. Sex is a protected class under the Missouri Human Rights Act.

81. Plaintiff is Female.

82. Plaintiff was subjected to severe and pervasive unwelcome harassment based on her sex by Defendant's client, including continuous use of slurs based on her sex.

83. Defendant knew or should have known that S.S. had harassed other female employees before harassing Plaintiff.

Electronically Filed - St Louis County - September 25, 2026 - 11:34 AM

84. Defendant knew that S.S. constantly harassed Plaintiff because Plaintiff repeatedly reported the harassment to Defendant.

85. Defendant was aware Plaintiff was subjected to harassment based on her sex, yet still required Plaintiff to work with the consumer who harassed her, despite Plaintiff's stated desire to be reassigned and Defendant's ability to reassign her.

86. By failing to take prompt and effective remedial action, Defendant in effect condoned, ratified, and/or authorized its consumer's aforementioned actions against Plaintiff.

87. The constant harassment based on Plaintiff's sex and Defendant's failure to address Plaintiff's complaints created an intimidating, hostile, and offensive work environment.

88. Plaintiff suffered adverse actions when she was forced to remain subject to constant harassment, Defendant failed to intervene, and Plaintiff was eventually terminated.

89. As a direct and proximate result of the foregoing, Plaintiff suffered discrimination that adversely affected the compensation, terms, conditions, and privileges of her employment at the hands of Defendant, in violation of § 213.055, RSMo.

90. Plaintiff's sex was a motivating factor in the adverse employment actions described above.

91. As a direct result of Defendant's discriminatory practices, actions, omissions, and failures to act as described herein, Plaintiff has sustained and continues to sustain damages, including but not limited to economic loss in the form of lost wages and benefits of employment, future lost wages and earnings, emotional pain, suffering, humiliation, fear, anxiety, dread, inconvenience, mental anguish, embarrassment, loss of enjoyment of life and deprivation of her civil rights.

92. In addition, Plaintiff has incurred and will continue to incur attorneys' fees, costs

Electronically Filed - St Louis County - September 25, 2026 - 11:34 AM

and expenses of suit.

93. Defendant's conduct was outrageous because of its evil motive or reckless indifference to the rights of Plaintiff, thereby entitling her to an award of punitive damages in an amount that will punish Defendant and deter Defendant and others from like conduct.

WHEREFORE, Plaintiff Erica Gibson respectfully requests that this Court will, after trial by jury, enter judgment against Defendant and in her favor on Count III of this Petition and for a finding that she has been subjected to an unlawful discrimination prohibited by § 213.010, et seq., RSMo; award Plaintiff actual, compensatory, and/or punitive damages in such an amount in excess of $25,000.00 as is deemed fair and reasonable; for prejudgment interest, as allowed by law; for reasonable attorneys' fees and costs of suit; and for such other relief as this Court deems just and proper.

**COUNT IV: RETALIATION IN VIOLATION OF THE MISSOURI HUMAN RIGHTS ACT**

94. Plaintiff hereby re-alleges and incorporates by reference the allegations contained in the above-stated paragraphs as if fully set forth herein.

95. Defendant has engaged in unlawful discriminatory acts that are prohibited under the Missouri Human Rights Act.

96. Plaintiff is a "person" as defined under the Missouri Human Rights Act.

97. Defendant is an "employer" as defined under the Missouri Human Rights Act.

98. Race, color, and sex are protected classes under the Missouri Human Rights Act.

99. Plaintiff complained directly but not limited to her supervisor about the racial, color and sex based slurs.

100. Plaintiff also detailed the slurs in her post-shift notes.

101. Plaintiff's reports of unlawful harassment - to her supervisor and through her

Electronically Filed - St Louis County - September 25, 2026 - 11:34 AM

post-shift notes - constitute protected activities under the Missouri Human Rights Act.

102. Plaintiff followed Defendant's policies regarding harassment, which call for employees to report instances of harassment to supervisors.

103. As a result of engaging in these protected activities, Plaintiff suffered adverse employment actions as alleged in this Petition, including, but not limited to, severe harassment, Defendant's refusal to properly investigate Plaintiff's allegations, Defendant's refusal to grant Plaintiff's request to not work with her harasser, and Plaintiff's eventual termination.

104. The retaliation against Plaintiff by Defendant did not occur until after Plaintiff complained about the unlawful harassment.

105. Defendant unlawfully retaliated against Plaintiff, such that when Defendant made the employment decisions complained of above, Plaintiff's engagement in protected activities was a motivating factor in Defendant's decision.

106. As a direct and proximate result of the foregoing, Plaintiff suffered retaliation, in violation of § 213.070(2), RSMo, at the hands of Defendant.

107. As a direct result of Defendant's retaliatory practices, actions, omissions, and failures to act as described herein, Plaintiff has sustained and continues to sustain damages, including but not limited to economic loss in the form of lost wages and benefits of employment, future lost wages and earnings, emotional pain, suffering, humiliation, fear, anxiety, dread, inconvenience, mental anguish, embarrassment, loss of enjoyment of life and deprivation of her civil rights.

108. In addition, Plaintiff has incurred and will continue to incur attorneys' fees, costs, and expenses of suit.

109. Defendant's conduct was outrageous because of its evil motive or reckless

Electronically Filed - St Louis County - September 25, 2026 - 11:34 AM

indifference to the rights of Plaintiff, thereby entitling her to an award of punitive damages in an amount that will punish Defendant and deter Defendant and others from like conduct.

WHEREFORE, Plaintiff Erica Gibson respectfully requests that this Court will, after trial by jury, enter judgment against Defendant and in her favor on Count IV of this Petition and for a finding that she has been subjected to an unlawful discrimination prohibited by § 213.010, et seq., RSMo; award Plaintiff actual, compensatory, and/or punitive damages in such an amount in excess of $25,000.00 as is deemed fair and reasonable; for prejudgment interest, as allowed by law; for reasonable attorneys' fees and costs of suit; and for such other relief as this Court deems just and proper.

**COUNT V: HOSTILE WORK ENVIRONMENT BASED ON RACE IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT**

110. Plaintiff hereby re-alleges and incorporates by reference the allegations contained in the above-stated paragraphs as if fully set forth herein.

111. Plaintiff is a "person" as defined under Title VII of the Civil Rights Act.

112. Defendant is an "employer" as defined under Title VII of the Civil Rights Act.

113. Race is a protected class under Title VII of the Civil Rights Act.

114. Plaintiff was subjected to severe and pervasive unwelcome harassment based on her race by Defendant's client, including continuous use of racial slurs.

115. Defendant discriminated against Plaintiff with respect to the terms, conditions, and privileges of her employment because of her race in that Defendant knew or should have known of the racially hostile work environment created by S.S., failed to take prompt or effective action to correct or remedy it, and failed to prevent Plaintiff from being subjected to it, in violation of Section 703(a) of Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e-2(a)(1).

116. The unlawful employment practices described above deprived Plaintiff of equal

Electronically Filed - St Louis County - September 25, 2026 - 11:34 AM

employment opportunities and otherwise adversely affected her status as an employee, in violation of Title VII, because of her race.

117. The unlawful employment practices described above were done intentionally and with malice or reckless indifference to the federally protected rights of Plaintiff.

118. Defendant's actions and inactions were taken by its agents in the course and scope of their employment.

119. As a direct and proximate result of the unlawful conduct of Defendant as set forth above, Plaintiff has suffered damages which include emotional distress, pain and suffering, loss of past and future wages and benefits, career damage and diminished career potential, mental distress in the form of embarrassment, degradation and humiliation, loss of enjoyment of life, and other non-pecuniary losses.

120. Plaintiff has incurred, and continues to incur, costs, expenses, expert witness fees, attorneys' fees, and seeks the same from the Court upon Plaintiff being found the prevailing party in this action.

121. Plaintiff seeks pre and post judgment interest at the highest lawful rate.

122. Plaintiff seeks equitable relief to make her whole.

WHEREFORE, Plaintiff requests that the Court enter judgment in her favor and against Defendant for economic damages, pecuniary damages, non-pecuniary damages, compensatory damages, punitive damages, equitable relief, back pay, lost benefits, and front pay, injunctive relief, emotional distress damages, for Plaintiff to be found the prevailing party in this action, for reasonable attorneys' fees, expenses, and costs, for pre- and post-judgment interest as allowed by law, and for such other and further legal and equitable relief as this Court deems just and proper.

**COUNT VI: HOSTILE WORK ENVIRONMENT BASED ON COLOR IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT**

Electronically Filed - St Louis County - September 25, 2026 - 11:34 AM

123. Plaintiff hereby re-alleges and incorporates by reference the allegations contained in the above-stated paragraphs as if fully set forth herein.

124. Plaintiff is a "person" as defined under Title VII of the Civil Rights Act.

125. Defendant is an "employer" as defined under Title VII of the Civil Rights Act.

126. Color is a protected class under Title VII of the Civil Rights Act.

127. Plaintiff was subjected to severe and pervasive unwelcome harassment based on her color by Defendant's client, including continuous use of slurs based on her color.

128. Defendant discriminated against Plaintiff with respect to the terms, conditions, and privileges of her employment because of her color in that Defendant knew or should have known of the hostile work environment created by S.S. based on Plaintiff's color, failed to take prompt or effective action to correct or remedy it, and failed to prevent Plaintiff from being subjected to it, in violation of Section 703(a) of Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e-2(a)(1).

129. The unlawful employment practices described above deprived Plaintiff of equal employment opportunities and otherwise adversely affected her status as an employee, in violation of Title VII, because of her color.

130. The unlawful employment practices described above were done intentionally and with malice or reckless indifference to the federally protected rights of Plaintiff.

131. Defendant's actions and inactions were taken by its agents in the course and scope of their employment.

132. As a direct and proximate result of the unlawful conduct of Defendant as set forth above, Plaintiff has suffered damages which include emotional distress, pain and suffering, loss of past and future wages and benefits, career damage and diminished career potential, mental

Electronically Filed - St Louis County - September 25, 2026 - 11:34 AM

distress in the form of embarrassment, degradation and humiliation, loss of enjoyment of life, and other non-pecuniary losses.

133. Plaintiff has incurred, and continues to incur, costs, expenses, expert witness fees, attorneys' fees, and seeks the same from the Court upon Plaintiff being found the prevailing party in this action.

134. Plaintiff seeks pre and post judgment interest at the highest lawful rate.

135. Plaintiff seeks equitable relief to make her whole.

WHEREFORE, Plaintiff requests that the Court enter judgment in her favor and against Defendant for economic damages, pecuniary damages, non-pecuniary damages, compensatory damages, punitive damages, equitable relief, back pay, lost benefits, and front pay, injunctive relief, emotional distress damages, for Plaintiff to be found the prevailing party in this action, for reasonable attorneys' fees, expenses, and costs, for pre- and post-judgment interest as allowed by law, and for such other and further legal and equitable relief as this Court deems just and proper.

**COUNT VII: HOSTILE WORK ENVIRONMENT BASED ON SEX IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT**

136. Plaintiff hereby re-alleges and incorporates by reference the allegations contained in the above-stated paragraphs as if fully set forth herein.

137. Plaintiff is a "person" as defined under Title VII of the Civil Rights Act.

138. Defendant is an "employer" as defined under Title VII of the Civil Rights Act.

139. Sex is a protected class under Title VII of the Civil Rights Act.

140. Plaintiff was subjected to severe and pervasive unwelcome harassment based on her sex by Defendant's client, including continuous use of slurs based on her sex.

141. Defendant discriminated against Plaintiff with respect to the terms, conditions, and privileges of her employment because of her sex in that Defendant knew or should have

Electronically Filed - St Louis County - September 25, 2026 - 11:34 AM

known of the racially hostile work environment created by S.S., failed to take prompt or effective action to correct or remedy it, and failed to prevent Plaintiff from being subjected to it, in violation of Section 703(a) of Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e-2(a)(1).

142. The unlawful employment practices described above deprived Plaintiff of equal employment opportunities and otherwise adversely affected her status as an employee, in violation of Title VII, because of her sex.

143. The unlawful employment practices described above were done intentionally and with malice or reckless indifference to the federally protected rights of Plaintiff.

144. Defendant's actions and inactions were taken by its agents in the course and scope of their employment.

145. As a direct and proximate result of the unlawful conduct of Defendant as set forth above, Plaintiff has suffered damages which include emotional distress, pain and suffering, loss of past and future wages and benefits, career damage and diminished career potential, mental distress in the form of embarrassment, degradation and humiliation, loss of enjoyment of life, and other non-pecuniary losses.

146. Plaintiff has incurred, and continues to incur, costs, expenses, expert witness fees, attorneys' fees, and seeks the same from the Court upon Plaintiff being found the prevailing party in this action.

147. Plaintiff seeks pre and post judgment interest at the highest lawful rate.

148. Plaintiff seeks equitable relief to make her whole.

WHEREFORE, Plaintiff requests that the Court enter judgment in her favor and against Defendant for economic damages, pecuniary damages, non-pecuniary damages, compensatory damages, punitive damages, equitable relief, back pay, lost benefits, and front pay, injunctive

Electronically Filed - St Louis County - September 25, 2026 - 11:34 AM

relief, emotional distress damages, for Plaintiff to be found the prevailing party in this action, for reasonable attorneys' fees, expenses, and costs, for pre- and post-judgment interest as allowed by law, and for such other and further legal and equitable relief as this Court deems just and proper.

**COUNT VIII: RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT**

149. Plaintiff hereby re-alleges and incorporates by reference the allegations contained in the above-stated paragraphs as if fully set forth herein.

150. Plaintiff engaged in protected activity under Title VII of the Civil Rights Act when she complained of race, color, and sex discrimination to Defendant on multiple occasions.

151. Defendant, by its actions and failures to act, including but not limited to those described above, retaliated against Plaintiff in violation of Title VII of the Civil Rights Act. This retaliation included and culminated in the discipline and termination of Plaintiff's employment.

152. Plaintiff's complaining of unlawful discrimination was a motivating factor for Defendant's adverse employment actions against her.

153. Defendant's actions and/or omissions constitute a pattern or practice of retaliatory behavior.

154. Defendant's actions were taken by its agents in the course and scope of their employment.

155. By failing to take prompt and effective remedial action, Defendant in effect condoned, ratified and/or authorized the retaliation against Plaintiff.

156. As a direct and proximate result of Defendant's actions and/or omissions, Plaintiff has been deprived of income and benefits, as well as other monetary and non-monetary benefits.

157. As a direct and proximate result of the unlawful conduct of Defendant as set forth herein, Plaintiff has suffered damages which include emotional distress, pain and suffering, loss

Electronically Filed - St Louis County - September 25, 2026 - 11:34 AM

of past and future wages and benefits, career damage and diminished career potential, mental distress in the form of embarrassment, degradation and humiliation, loss of enjoyment of life, and other non-pecuniary losses.

158. Plaintiff has incurred, and continues/may continue to incur, costs, expenses, expert witness fees, attorneys' fees, and seeks the same from the Court upon Plaintiff being found the prevailing party in this action.

159. Plaintiff seeks pre and post judgment interest at the highest lawful rate.

160. Plaintiff seeks equitable relief to make her whole.

161. Defendant's actions were outrageous and malicious and were committed with evil motive and/or reckless indifference to the Plaintiff's rights; thereby, entitling Plaintiff to punitive damages, which she seeks.

WHEREFORE, Plaintiff requests that the Court enter judgment in her favor and against Defendant for economic damages, pecuniary damages, non-pecuniary damages, compensatory damages, punitive damages, equitable relief, back pay, lost benefits, and front pay, injunctive relief, emotional distress damages, for Plaintiff to be found the prevailing party in this action, for reasonable attorneys' fees, expenses, and costs, for pre- and post-judgment interest as allowed by law, and for such other and further legal and equitable relief as this Court deems just and proper.

**Demand for Jury Trial**

Plaintiff requests for a trial by jury on all issues in this case which are so triable.

Respectfully submitted,

/s/*Thomas F. Herring*
Thomas F. Herring, #71932MO
Brady L. Root, #75740MO
Herring & Root, LLC

Electronically Filed - St Louis County - September 25, 2026 - 11:34 AM

2258 Grissom Dr.
St. Louis, Missouri 63146
tfh@herringandroot.com

*Attorneys for Plaintiff*