**IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| **ERICA GIBSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 4:26-cv-01923-HEA** |
| | ) | |
| **A.W. HOLDINGS, LLC - MISSOURI d/b/a BENCHMARK HUMAN SERVICES** | ) | |
| | ) | |
| **Defendant.** | ) | |

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant A.W. Holdings, LLC – Missouri d/b/a Benchmark Human Services ("Defendant") for its answer to the Petition (hereafter referred to as "Complaint") filed by Plaintiff Erica Gibson ("Plaintiff"), states as follows:

### PARTIES, JURISDICTION AND VENUE

1. Defendant admits only that A.W. Holdings, LLC – Missouri d/b/a Benchmark Human Services is a limited liability company doing business in the state of Missouri and located at 680 Craig Rd. #308, St. Louis, Missouri 63141. Defendant denies the remaining allegations in paragraph 1.

2. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 2 and, therefore, denies the same.

3. Defendant admits only that Plaintiff, at certain times, worked out of a group home located at 834 Carrico Road, Florissant, Missouri 63034. Defendant denies any remaining allegations in paragraph 3.

4. Defendant admits paragraph 4.

5. Defendant admits only that this Court properly has subject matter jurisdiction over the claims in this case and that venue is proper. Defendant denies any remaining allegations in paragraph 5.

6. Defendant denies any unlawful employment practices and states that the remaining allegations in paragraph 6 are legal conclusions to which no response is required.

7. Defendant admits only that it has more than six employees in the State of Missouri. The remainder of paragraph 7 contains legal conclusions to which no response is required.

8. Defendant admits only that it employs more than fifteen employees. The remainder of paragraph 8 contains legal conclusions to which no response is required.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

9. Defendant admits only that Plaintiff dually-filed a Charge of Discrimination with the EEOC and the MCHR. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 9 and, therefore, denies the remaining allegations in paragraph 9.

10. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 10, and therefore, denies the same.

11. Defendant admits only that Plaintiff received a Notice of Dismissal and Right to Sue letter from the MCHR and that this action was initiated within 90 days of the date of that letter. Defendant denies any remaining allegations in paragraph 11.

12. Defendant admits only that Plaintiff received a Notice of Dismissal and Right to Sue letter from the EEOC and that this action appears to have been initiated within 90 days of its receipt by Plaintiff. Defendant denies the remaining allegations in paragraph 12.

13. Defendant is without sufficient knowledge and information to form a belief as to the truth of the allegations in paragraph 13, and therefore, denies the same.

## FACTUAL ALLEGATIONS

14. Defendant admits paragraph 14.

15. Defendant admits paragraph 15.

16. Defendant admits paragraph 16.

17. Defendant admits paragraph 17.

18. Defendant admits only that Direct Support Professionals are supposed to fill out post-shift notes explaining what they did during their shift and how the particular consumer behaved during said shift. Defendant denies the remaining allegations in paragraph 18.

19. Defendant admits paragraph 19.

20. Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations in paragraph 20, and therefore, denies the same.

21. Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations in paragraph 21, and therefore, denies the same.

22. Defendant admits that Plaintiff noted comments allegedly made by S.S. in her post-shift notes referring to staff as "nigger[s]" and "bitches." Defendant denies the remaining allegations in paragraph 22.

23. Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations in paragraph 23, and therefore, denies the same.

24. Defendant denies paragraph 24.

25. Defendant admits that Direct Support Professionals ("DSPs") were instructed to keep track of residents' behaviors in post-shift notes. Defendant denies the remaining allegations in paragraph 25.

26. Defendant admits that Plaintiff kept track of S.S.'s behaviors in her post-shift notes. Defendant denies the remaining allegations in paragraph 26.

27. Defendant denies paragraph 27.

28. Defendant admits only that S.S. reported Gibson for a failure to administer medicine. Defendant denies the remaining allegations in paragraph 28.

29. Defendant denies paragraph 29.

30. Defendant denies paragraph 30.

31. Defendant denies paragraph 31.

32. Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations in paragraph 32, and therefore, denies the same.

33. Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations in paragraph 33.

34. Defendant denies paragraph 34.

35. Defendant admits paragraph 35.

36. Defendant admits paragraph 36.

37. Defendant denies paragraph 37.

38. Defendant denies paragraph 38.

39. Defendant denies paragraph 39.

**COUNT I: HOSTILE WORK ENVIORNMENT BASED ON RACE IN VIOLATION OF THE MISSOURI HUMAN RIGHTS ACT**

40. As its response to paragraph 40, Defendant incorporates its responses to paragraphs 1-39 as if fully set forth in this paragraph.

41. Defendant denies paragraph 41.

42. Defendant admits paragraph 42.

43. Defendant admits paragraph 43.

44. Defendant admits paragraph 44.

45. Defendant admits paragraph 45.

46. Defendant denies paragraph 46.

47. Defendant denies paragraph 47.

48. Defendant denies paragraph 48.

49. Defendant denies paragraph 49.

50. Defendant denies paragraph 50.

51. Defendant denies paragraph 51.

52. Defendant denies paragraph 52.

53. Defendant denies paragraph 53.

54. Defendant denies paragraph 54.

55. Defendant denies paragraph 55.

56. Defendant denies paragraph 56.

57. Defendant denies paragraph 57 and denies Plaintiff is entitled to any relief whatsoever, including as set forth in the subsequent WHEREFORE paragraph.

**COUNT II: HOSTILE WORK ENVIORNMENT BASED ON COLOR IN VIOLATION OF THE MISSOURI HUMAN RIGHTS ACT**

58. As its response to paragraph 58, Defendant incorporates its responses to paragraphs 1-57 as if fully set forth in this paragraph.

59. Defendant denies paragraph 59.

60. Defendant admits paragraph 60.

61. Defendant admits paragraph 61.

62. Defendant admits paragraph 62.

63. Defendant admits paragraph 63.

64. Defendant denies paragraph 64.

65. Defendant denies paragraph 65.

66. Defendant denies paragraph 66.

67. Defendant denies paragraph 67.

68. Defendant denies paragraph 68.

69. Defendant denies paragraph 69.

70. Defendant denies paragraph 70.

71. Defendant denies paragraph 71.

72. Defendant denies paragraph 72.

73. Defendant denies paragraph 73.

74. Defendant denies paragraph 74.

75. Defendant denies paragraph 75 and denies Plaintiff is entitled to any relief whatsoever, including as set forth in the subsequent WHEREFORE paragraph.

**COUNT III: HOSTILE WORK ENVIORNMENT BASED ON SEX IN VIOLATION OF THE MISSOURI HUMAN RIGHTS ACT**

76. As its response to paragraph 76, Defendant incorporates its responses to paragraphs 1-75 as if fully set forth in this paragraph.

77. Defendant denies paragraph 77.

78. Defendant admits paragraph 78.

79. Defendant admits paragraph 79.

80. Defendant admits paragraph 80.

81. Defendant admits paragraph 81.

82. Defendant denies paragraph 82.

83. Defendant denies paragraph 83.

84. Defendant denies paragraph 84.

85. Defendant denies paragraph 85.

86. Defendant denies paragraph 86.

87. Defendant denies paragraph 87.

88. Defendant denies paragraph 88.

89. Defendant denies paragraph 89.

90. Defendant denies paragraph 90.

91. Defendant denies paragraph 91.

92. Defendant denies paragraph 92.

93. Defendant denies paragraph 93 and denies Plaintiff is entitled to any relief whatsoever, including as set forth in the subsequent WHEREFORE paragraph.

## COUNT IV: RETALIATION IN VIOLATION OF THE MISSOURI HUMAN RIGHTS ACT

94. As its response to paragraph 94, Defendant incorporates its responses to paragraphs 1-93 as if fully set forth in this paragraph.

95. Defendant denies paragraph 95.

96. Defendant admits paragraph 96.

97. Defendant admits paragraph 97.

98. Defendant admits paragraph 98.

99. Defendant admits Plaintiff noted comments allegedly made by S.S. in her post-shift notes. Defendant denies the remaining allegations in paragraph 99.

100. Defendant admits Plaintiff noted comments allegedly made by S.S. in her post-shift notes. Defendant denies the remaining allegations in paragraph 100.

101. Defendant denies paragraph 101.

102. Defendant denies paragraph 102.

103. Defendant denies paragraph 103.

104. Defendant denies paragraph 104.

105. Defendant denies paragraph 105.

106. Defendant denies paragraph 106.

107. Defendant denies paragraph 107.

108. Defendant denies paragraph 108.

109. Defendant denies paragraph 109 and denies Plaintiff is entitled to any relief whatsoever, including as set forth in the subsequent WHEREFORE paragraph.

**COUNT V: HOSTILE WORK ENVIORNMENT BASED ON RACE IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT**

110. As its response to paragraph 110, Defendant incorporates its responses to paragraphs 1-109 as if fully set forth in this paragraph.

111. Defendant admits paragraph 111.

112. Defendant admits paragraph 112.

113. Defendant admits paragraph 113.

114. Defendant denies paragraph 114.

115. Defendant denies paragraph 115.

116. Defendant denies paragraph 116.

117. Defendant denies paragraph 117.

118. Defendant denies paragraph 118.

119. Defendant denies paragraph 119.

120. Defendant denies paragraph 120.

121. Defendant denies paragraph 121.

122. Defendant admits only that Plaintiff purports to seek equitable relief, but denies the remaining allegations of paragraph 122, and denies Plaintiff is entitled to any relief whatsoever, including as set forth in the subsequent WHEREFORE paragraph.

**COUNT VI: HOSTILE WORK ENVIORNMENT BASED ON COLOR IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT**

123. As its response to paragraph 123, Defendant incorporates its responses to paragraphs 1-122 as if fully set forth in this paragraph.

124. Defendant admits paragraph 124.

125. Defendant admits paragraph 125.

126. Defendant admits paragraph 126.

127. Defendant denies paragraph 127.

128. Defendant denies paragraph 128.

129. Defendant denies paragraph 129.

130. Defendant denies paragraph 130.

131. Defendant denies paragraph 131.

132. Defendant denies paragraph 132.

133. Defendant denies paragraph 133.

134. Defendant denies paragraph 134.

135. Defendant admits only that Plaintiff purports to seek equitable relief, but denies the remaining allegations of paragraph 135 and denies Plaintiff is entitled to any relief whatsoever, including as set forth in the subsequent WHEREFORE paragraph.

## COUNT VII: HOSTILE WORK ENVIORNMENT BASED ON SEX IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT

136. As its response to paragraph 136, Defendant incorporates its responses to paragraphs 1-135 as if fully set forth in this paragraph.

137. Defendant admits paragraph 137.

138. Defendant admits paragraph 138.

139. Defendant admits paragraph 139.

140. Defendant denies paragraph 140.

141. Defendant denies paragraph 141.

142. Defendant denies paragraph 142.

143. Defendant denies paragraph 143.

144. Defendant denies paragraph 144.

145. Defendant denies paragraph 145.

146. Defendant denies paragraph 146.

147. Defendant denies paragraph 147.

148. Defendant admits only that Plaintiff purports to seek equitable relief, but denies the remaining allegations of paragraph 148 and denies Plaintiff is entitled to any relief whatsoever, including as set forth in the subsequent WHEREFORE paragraph.

## COUNT VIII: RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT

149. As its response to paragraph 149, Defendant incorporates its responses to paragraphs 1-148 as if fully set forth in this paragraph.

150. Defendant denies paragraph 150.

151. Defendant denies paragraph 151.

152. Defendant denies paragraph 152.

153. Defendant denies paragraph 153.

154. Defendant denies paragraph 154.

155. Defendant denies paragraph 155.

156. Defendant denies paragraph 156.

157. Defendant denies paragraph 157.

158. Paragraph 158 contains legal conclusions to which no response is required. To the extent a response is required, Defendant admits paragraph 158.

159. Paragraph 159 contains legal conclusions to which no response is required. To the extent a response is required, Defendant admits paragraph 159.

160. Defendant admits only that Plaintiff purports to seek equitable relief, but denies the allegations of paragraph 160.

161. Defendant denies paragraph 161 and denies Plaintiff is entitled to any relief whatsoever, including as set forth in the subsequent WHEREFORE paragraph.

## AFFIRMATIVE AND OTHER DEFENSES

1. Defendant denies each and every allegation, claim, count, an prayer in Plaintiff's Complaint unless specifically admitted in this Answer.

2. Plaintiff's claims are barred, in whole or in part, because her Complaint fails to state a claim against Defendant upon which relief can be granted.

3. Plaintiff's claims for damages are barred, in whole or in part, because Defendant exercised reasonable care and acted in good faith in its efforts to comply with all applicable laws.

4. Plaintiff's claims are not actionable because the challenged termination of employment was justified by legitimate non-discriminatory and non-pretextual business reasons unrelated to race, color, or sex.

5. Plaintiff's claims under the Missouri Human Rights Act are barred as to any events alleged in the Complaint which occurred more than 180 days prior to the date on which Plaintiff filed her administrative complaint with the MCHR. R.S.Mo. §213.075.

6. Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff failed to comply with all statutory, jurisdictional, and procedural requirements under the MHRA, including but not limited to, failure to exhaust administrative remedies as to allegations and claims that were not included in an administrative charge of discrimination.

7. Plaintiff's claims are barred, in whole or in part, because Defendant exercised reasonable care and diligence to prevent, investigate, and promptly correct any alleged discriminatory behavior, and Plaintiff unreasonably failed to take advantage of any reporting, preventive, investigative, or corrective opportunities provided by Defendant or to otherwise avoid

harm. For this reason, Defendant did not know, should not have known, and did not acquiesce in any alleged discriminatory conduct.

8. Upon information and belief, Plaintiff's claims are barred, in whole or in part, to the extent she failed to exercise reasonable diligence to mitigate her alleged damages.

9. Plaintiff's claims for damages are barred, in whole or in part, because any actions taken by Defendant were taken entirely without malice and with the good-faith belief that the actions were in compliance with the applicable laws at all times.

10. Plaintiff's claims for damages are barred or limited by the doctrine of after-acquired evidence.

11. Plaintiff's claims, in whole or in part, are barred by the doctrine of laches, waiver, estoppel, accord and satisfaction, and unclean hands.

12. Plaintiff's claims against Defendant regarding mental and physical injuries or illnesses are barred, in whole or in part, by the mandatory and exclusive provisions of Missouri and other applicable state workers' compensation laws.

13. Plaintiff's claims for damages, to the extent any exist, were caused in whole or in part by sources other than any alleged unlawful acts or omissions by Defendant. Accordingly, any such damages should either be denied completely or apportioned according to the evidence.

14. Plaintiff's claims are subject to the limitations and damage caps of the Missouri Human Rights Act and/or of Title VII.

15. Plaintiff's claims are barred by the applicable statute of limitations.

16. Defendant's actions with respect to Plaintiff were taken in accordance with its sound business judgment.

17. Plaintiff's claims for punitive damages are premature and not in accordance with

Mo. Rev. Stat. 510.261(5) because Plaintiff has not followed the proper procedure for asserting a claim for punitive damages.

18. Plaintiff's claims for punitive damages are barred because Plaintiff cannot establish a violation of the Missouri Human Rights Act. R.S.Mo. § 213.111.

19. Plaintiff's claims for punitive damages are barred by Defendant's good-faith efforts to comply with the law.

20. Plaintiff's claims for punitive damages are barred by the United States and Missouri Constitutions because the asserted standard for entitlement to punitive damages is vague and arbitrary and the procedure for the assessment of punitive damages violates Defendant' rights to due process of law, to equal protection of law, to the right to be free from the unlawful taking of property, the right to be free of excessive fines, and all other substantive and procedural protection of the Constitution applicable to punitive damages.

21. Even if Defendant engaged in unlawful conduct, which it did not, Defendant would have taken the same adverse actions that occurred here irrespective of any such unlawful conduct.

22. Plaintiff's claims are frivolous and entitle Defendant to an order requiring Plaintiff to pay Defendant's reasonable attorney's fees and expenses incurred in defense of this action.

23. Defendant reserves the right to assert each and every other affirmative defense which is identified during further proceedings.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant prays that the Court enter judgment in its favor, for its costs, for its reasonable attorneys' fees and for such other relief as the Court deems just and proper.

Respectfully submitted,

/s/ *Grant L. Heiman*
J. Randall Coffey, MO Bar # 35070
Grant L. Heiman, MO Bar # 79111
**FISHER PHILLIPS LLP**
4622 Pennsylvania Ave, Suite 910
Kansas City, Missouri 64112
Phone: (816) 842-8770
Fax: (816) 842-8767
Email: rcoffey@fisherphillips.com
gheiman@fisherphillips.com

*ATTORNEYS FOR DEFENDANT*
*A.W. Holdings, LLC- Missouri d/b/a*
*Benchmark Human Services*

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of November 2026, the above and foregoing document was filed and served via the Court's electronic filing system, which sent notice to the following:

Thomas F. Herring, #71932MO
Brady L. Root, #75740MO
**HERRING & ROOT, LLC**
2258 Grissom Dr.
St. Louis, Missouri 63146
tfh@herringandroot.com

*ATTORNEYS FOR PLAINTIFF*

*/s/ Grant L. Heiman*
Attorney for Defendant